UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RODRICK RICHARDSON,**

    **Plaintiff,**

**v.**                                                              **Case No: 5:16-cv-79-Oc-WTH-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

**REPORT AND RECOMMENDATION**[1]

Plaintiff appeals the administrative decision denying his application for Supplemental Security Income (SSI) benefits. Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **REVERSED.**

**I. BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff protectively filed an application for a Supplemental Security Income benefits (SSI) on August 4, 2012 (Tr. 139-46). In the application, Plaintiff alleged he became disabled on June 7, 2007 (Tr. 139). The application was denied initially and on reconsideration (Tr. 87-88, 94). Plaintiff requested a hearing before an administrative law judge (ALJ), which was conducted on March 10, 2014 (Tr. 32-50, 100). At the conclusion of the administrative hearing, the ALJ issued an unfavorable decision (Tr. 10-25), and, thereafter, the Appeals Council denied Plaintiff's request for review (Tr. 1-3). This case is now ripe for review pursuant to 42 U.S.C. §§ 1383(c).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

(Doc. 14, p. 1-2).

Plaintiff was 36 years of age on the date of the ALJ's decision. (Tr. 25, 139). Plaintiff had a tenth grade education (Tr. 219), and work experience as a bartender and nurse. (Tr. 220). Plaintiff alleged disability due to depression, anxiety, attention-deficit disorder (ADD), agoraphobia, and asthma. (Tr. 218).

Upon a review of the record, the ALJ found that Plaintiff had the following severe impairments: cataract (left eye), low back pain, mood disorder, asthma, affective disorder, borderline intellectual functioning, anxiety-related disorder, and a history of substance abuse. (Tr. 15). The ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work with limitations.

> [Plaintiff] requires work that is simple and unskilled or low semiskilled work and that has a specific vocational preparation (SVP) code of three or below (in other words, a task performed so frequently it is routine). Additionally, the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; he can stand or walk for a total of six hours, he can sit for a total of six hours in an eight-hour day; he should avoid frequent ascending and descending stairs; he should avoid pushing or pulling motions with his lower extremities; he should avoid activities requiring fine constant manipulation with fingering with both hands due to depth perception issues; he should work in a relatively clean environment; he may occasionally stoop, balance, kneel, crouch, crawl, but not climb ropes, scaffolds, or ladders exceeding six feet; and he should avoid hazards in the workplace. The claimant has nonexertional mental limitations, which substantially affect his ability to concentrate upon complex or detailed tasks, but he would remain capable of understanding, remembering, and carrying out simple job instructions defined above, making work-related judgements and decisions, responding appropriately to supervision, coworkers, and work situations, and dealing with changes in a routine work setting.

(Tr. 17).

Based upon this RFC, considering the testimony of a vocational expert, and considering Plaintiff's age, education, and work experience, the ALJ determined that Plaintiff could perform work that existed in significant numbers in the national economy, such as work as a marker,

garment sorter, and ticket taker. (Tr. 25). Accordingly, the ALJ determined that Plaintiff was not disabled. (Tr. 25).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence

preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard. Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. DISCUSSION

Plaintiff raises multiple issues on appeal: (1) that the ALJ improperly failed to analyze the opinion of Dr. Henderson, an examining psychologist; (2) that the ALJ's finding that Plaintiff has only mild social functioning limitations is not supported by substantial evidence and is contrary to opinion evidence; (3) that the ALJ erred in failing to articulate the weight given to the opinion of Dr. Bojarski, a treating physician who opined about Plaintiff's social limitations; and (4) that the ALJ erred in his evaluation of Plaintiff's visual limitations. (Doc. 13, p. 1).

Plaintiff specifically argues on appeal that the ALJ improperly evaluated the medical evidence by failing to explain the weight assigned to the opinion of his treating psychologist, Dr. Bojarski, regarding social limitations. (Doc. 13, p. 17). Because I find that remand is required on this issue, it is unnecessary to review Plaintiff's other objections to the ALJ's decision. *Freese v. Astrue*, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (April 18, 2008 M.D. Fla) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

Plaintiff argues that the ALJ erred in considering the opinion of Plaintiff's treating psychologist, Dr. Bjoraski, who opined regarding Plaintiff's social functioning. (Tr. 388). Indeed, Dr. Bjoraski had a history with Plaintiff, and first saw him for an examination in January 2012. (Tr. 386). Dr. Bojarski then treated Plaintiff on multiple occasions. (Tr. 387-388). On On September 10, 2012, following four sessions with Plaintiff, Dr. Bojarski stated in her report,

"I agreed with [Plaintiff's] assessment that he would be better off in a job in which he worked alone, and we discussed appropriate and effective ways of handling conflict." (Tr. 388). Dr. Bojarski saw Plaintiff on future appointments, and on November 2, 2012, Dr. Bojarski opined, "he would have to keep his anger in check in order to maintain employment, and he would be more successful if he were to work alone, or in an environment with few co-workers." (Tr. 432). Plaintiff contends that the ALJ erred in failing to articulate good cause for not crediting Dr. Bojarski's opinion that he should work alone.

In response, Defendant maintains that the ALJ properly considered Plaintiff's social functioning, and cites the ALJ's consideration of the evidence. For example, Dr. Alday, an adult and child psychiatrist, found Plaintiff's mental status to be essentially normal, except for poor concentration and agitation, and found his GAF score to be between 61-70. (Tr. 21, 413-15, 418). Likewise, Defendant argues that the ALJ did consider the records of Dr. Bojarski, who also found Plaintiff to be oriented in all spheres, with a normal attention and concentration span, and no evidence of thought disorder or suicidal ideation. (Tr. 22, 422-23). Defendant cites records of Dr. Bojarski, where he found that Plaintiff's medications appeared to control his symptoms well, and that Plaintiff was motivated to control his anger and impulsivity. (Tr. 22, 431-32).

The law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Further, the opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's

opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41.

Here, it appears that the ALJ failed to sufficiently articulate the extent to which he was crediting the opinion of Dr. Bojarski. To be sure, numerous times throughout the opinion the ALJ ALJ cites Dr. Bojarski's findings (Tr. 21-22), and relies upon Dr. Bojarski's findings when concluding that the medical record does not support the severity of symptoms alleged by Plaintiff. (Tr. 21). What is missing, however, is any mention of what weight the ALJ assigned to Dr. Bojarski's opinion. Also missing is any discussion regarding Dr. Bojarski's specific opinion that Plaintiff had social limitations or limitations in working with others. Although Dr. Bojarski repeatedly opined that Plaintiff should work alone, had trouble controlling anger, and should work by himself or with few co-workers, the ALJ failed to mention those opinions in his decision. (Tr. 22).

This error is significant because Dr. Bojarski's opinion that Plaintiff should work alone or with few co-workers is seemingly inconsistent with the ALJ's RFC findings that Plaintiff "would remain capable of . . . responding appropriately to supervision, coworkers, and work situations, and dealing with changes in a routine work setting." (Tr. 17). While the failure to explain the weight accorded to a medical opinion may be harmless error where the opinion does not *directly contradict* the ALJ's findings, this is not the case here. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005). Further, the restrictions that Dr. Bojarski described appear to preclude Plaintiff from performing at least one of the representative jobs identified by the vocational expert. For example, the job of ticket taker necessarily requires significant social interaction, as it requires

collecting "admission tickets and passes from patrons at entertainment events."  *See* DICOT 344.677-010 TICKET TAKER.

It is certainly apparent that the ALJ considered Dr. Bojarski's records, as they are mentioned throughout the decision.  Consequently, it is possible that the ALJ considered and rejected Dr. Bojarski's opinions regarding Plaintiff's social limitations, but without stating adequate—or any—grounds for his rejection, I cannot determine on this record whether the ALJ's conclusion is "rational and supported by substantial evidence."  *Winschel*, 631 F.3d at 1179.  Any further effort to make this determination, in the absence of any effort to do so by the ALJ, would require me to improperly re-weigh the evidence and make factual findings.  *See, e.g.*, *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (noting that the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner") (quoting *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983) (brackets omitted)).

## IV.   RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the ALJ'S decision be **REVERSED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this Order.

**DONE and ENTERED** in Ocala, Florida on January 30, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record

Unrepresented Parties